**ORIGINAL**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| THE MEAD CORPORATION,<br>          Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br>          Defendant. | Court No. 95-12-01783 |

## COMPLAINT

Plaintiff, by its attorneys, makes the following numbered averments in its complaint.

### FIRST CAUSE OF ACTION

1.  Plaintiff, The Mead Corporation, is the importer of record of the entries embraced by this civil action.

2.  A protest contesting the classification and duty rate assessment on the subject merchandise was timely filed on behalf of the plaintiff in accordance with 19 U.S.C. §1514.

3.  All liquidated duties have been paid on the entries embraced by this civil action.

4.  This Court has jurisdiction in this civil action pursuant to 28 U.S.C. §2631(a).

5.  The imported merchandise which is the subject of this civil action is, in pertinent part, described on the commercial invoices as "day planners", and include the following day planner model numbers: 47062, 47102, 47104, 47124 and 47192.

6.  The day planners have either a 3 or 6 ring loose leaf binder.



7. In day planner model numbers 47104, 47124 and 47192 the ring binder is permanently riveted to the spine of the day planner jacket.

8. In day planner model numbers 47062 and 47102 the ring binder is affixed to a stiff board which is inserted into a pocket flap in the jacket. In day planner model numbers 47062 and 47102 the loose leaf ring binder and its contents can be removed and separated from the day planner jacket.

9. In its condition as imported the day planners' loose leaf ring binders hold papers which have been subdivided into various sections, including, but not limited to, calendar, telephone and address and daily planner.

10. The distinct sections of the day planners are separated from one another by labelled insert tabs.

11. In addition to the separate day planner sections described in paragraph 8, all the imported day planners have a blank notepad inserted into a rear pocket flap of the day planner jacket.

12. In their imported condition each day planner model, except for day planner model number 47102, contains a ruler, credit card/business card holder and a plastic pouch.

13. Day planner model numbers 47102 and 47192 have a snap closure. Day planner model numbers 47062 and 47124 have a zipper closure. Day planner model number 47102 has no closure.

14. The United States Customs Service classified the subject imported day planners under Harmonized Tariff Schedules of the

United States (HTSUS) subheading 4820.10.20, which carries a 3.6% rate of duty for 1995 entries.

15. It is plaintiff's contention that the subject day planners are properly classifiable under HTSUS subheading 4820.10.40, which carries a free rate of duty.

16. The tariff provision under which the subject day planners were classified, HTSUS subheading 4820.10.20, and the tariff provision which plaintiff believes is the correct tariff classification for the subject day planners, HTSUS subheading 4820.10.40, as well as their respective 1995 duty rates, are set forth below:

| | |
|---|---|
| 4820 | Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles, exercise books, blotting pads, binders (looseleaf or other), folders, file covers, manifold business forms, interleaved carbon sets and other articles of stationery, of paper or paperboard; albums for sample or for collections and books covers (including cover boards and book jackets) of paper or paperboard: |
| 4820.10 | Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles: |
| 4820.10.20 | Diaries, notebooks and address books, bound; memorandum pads, letter pads and similar articles..................................3.6% |
| 4820.10.40 | Other....................................Free |

17. Under either the government's HTSUS subheading 4820.10.20 classification or plaintiff's claimed HTSUS subheading 4820.10.40 classification the day planners are embraced by the tariff description set forth in heading 4820 and 4820.10.

18. It is plaintiff's contention that based upon the applicable statutory language only articles that are diaries per

3

se, rather than articles that are similar to diaries, are classifiable under HTSUS subheading 4820.10.20.

19. Imported articles that are similar to diaries are classifiable under HTSUS subheading 4820.10.40.

20. The subject day planners are not diaries per se, but are articles that are similar to diaries, and are therefore classifiable under HTSUS subheading 4820.10.40.

## SECOND CAUSE OF ACTION

21. Plaintiff incorporates herein the averments set forth in paragraphs 1-20 of the First Cause of Action, as though fully set forth.

22. Should the Court determine that the subject merchandise is a diary, plaintiff contends that the imported day planners would still not be classifiable under HTSUS subheading 4820.10.20.

23. HTSUS subheading 4820.10.20 does not encompasses all diaries, but only diaries that are "bound".

24. To be "bound", the contents of a diary must be permanently fastened along one edge or spine in a manner of work performed by a bookbinder.

25. The paper material and other inserted material making up the contents of the imported day planners are not permanently affixed in the day planners. All these materials can be removed and/or replaced from the ring binders and jacket cover flaps in which they are held.

26. The importer sells, separate and apart from the complete day planners, refills and replacements of virtually all the contents of the day planners. The day planner refills and replacements that are available include, calendars, daily planners, telephone/address forms, telephone/address alphabetical index tabs, credit card holders, notepads, labelled section tabs, plastic pouches and rulers.

27. The contents of the imported day planners have not been permanently fastened along one edge or spine in a manner of work performed by a bookbinder.

28. Since the contents of the imported day planners are fully removable and replaceable, the day planners cannot be considered "bound" diaries.

29. If the Court were to determine that the imported day planers were diaries per se, the day planners would still be precluded from classification under HTSUS subheading 4820.10.20 because they are not bound diaries.

30. Diaries that are not bound are classifiable under HTSUS subheading 4820.10.40.

### THIRD CAUSE OF ACTION

31. Plaintiff incorporates herein the averments set forth in paragraph 1-30 of the First and Second Causes of Action, as though fully set forth.

32. Mead day planner model numbers 47062 and 47102 do not have their loose leaf ring binders permanently affixed to the spine

of their jackets. Instead, the loose leaf binders are attached to a stiff board that is inserted into a rear pocket flap of the jacket cover.

33. Day planners which do not have permanently affixed loose leaf binders to their jackets cannot be considered "bound".

34. Imported day planners that are not bound are precluded from classification under HTSUS subheading 4810.10.20, and are instead classifiable under HTSUS subheading 4820.10.40.

WHEREFORE, plaintiff respectively requests that this Court find that the subject merchandise is properly classifiable under HTSUS subheading 4820.10.40; that this Court order the reliquidation of the entries embraced by this civil action, with the day planners classified under HTSUS subheading 4820.10.40, and resulting duty refunds and interest made payable to the plaintiff; and provide any and all other relief that this Court may deem appropriate.

Respectfully submitted,

LAMB & LERCH
Attorneys for The Mead
  Corporation
233 Broadway
New York, N.Y.  10279
Tel.: (212) 608-2700

By: _____
      Sidney H. Kuflik

Dated: March 7, 1996

c:\wp51\general\mead\complaint.N09

CERTIFICATE OF SERVICE

I, Kevin L. Fetta, hereby certify I am associated with the law firm of Lamb & Lerch, and I served the attached complaint on this day, March 7, 1996, by hand delivery to:

>Joseph I. Liebman
>Attorney-in-Charge
>United States Department of Justice
>Civil Division
>International Trade Field Office
>Commercial Litigation Branch
>26 Federal Plaza
>New York, New York  10278

_____
Kevin L. Fetta

c:\wp51\klf\certserve

COPY RECEIVED, JUSTICE
DEPARTMENT, CIV. DIV.
NEW YORK FIELD OFFICE

1996 MAR -7  AM 11: 44

REFERRED TO_____
RETURNED _____
FILE NO. _____

DOCUMENT IS FILED

96 MAR -7  AM 11:46



MAR 07 1996
MANAGEMENT INFORMATION SECTION
RECEIVED