UNITED STATES COURT OF INTERNATIONAL TRADE

ORIGINAL

| | | |
|---|---|---|
| THE MEAD CORPORATION, | : | |
| | : | Court No. |
| Plaintiff, | : | 95-12-01783 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's complaint as follows:

1. Admits.

2. Admits.

3. Admits.

4. Admits.

5. Admits that the imported merchandise is described on the invoices as "snap day planner in mid size," "snap day planner," and "softwear zipper day planner" and model nos. 47062, 47102, 47104, 47124 and 47192.

6. Admits that model nos. 47062, 47192 and 47124 have 3 ring binders while model nos. 47104 and 47102 have 6 ring binders.

7. Admits.

8. Admits.

9. Admits.

10. Admits.



11.     Admits that each model has a notepad inserted into a rear pocket flap.  Avers that this paper is "ruled" or "lined" in all of the models except 47102, which contains graph paper.

12.     Admits, except avers that model no. 47102 does appear to contain a credit card/business card holder.

13.     Denies that model no. 47102 has a snap closure.  Admits that model no. 47192 has a snap closures, model nos. 47062 and 47124 have zipper closures and model no. 47102 has no closure.  Avers that, inasmuch as model no. 47104 has a snap closure, it appears that this allegation contains a typographical error.

14.     Admits.

15.     Admits that this is plaintiff's claim but denies the validity thereof.

16.     Admits that this is an accurate recitation of the cited HTSUS provision.

17.     Admits.

18.     Avers that this allegation constitutes a legal conclusion to which no response is required.  To the extent a response is required, admits.

19.     Avers that this allegation constitutes a legal conclusion to which no response is required.  To the extent a response is required, admits.

20.     Denies.

21.     The responses to paragraphs 1 through 20 are incorporated as if fully set forth here.

22.     Admits that this appears to be plaintiff's contention, but denies the validity thereof.

23. Avers that this allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, admits.

24. Denies.

25. Admits that the paper and other inserted materials are not permanently fastened along one edge or spine in a manner of work performed by a bookbinder. Admits that the materials such as calendars, daily planners and telephone/address alphabetical index tabs are replaced at the appropriate time. Avers that to remove these inserts from the diary prior to the appropriate time would render the diary useless.

26. Admits.

27. Admits.

28. Denies.

29. Avers that this allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, denies.

30. Avers that this allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, admits.

31. The responses to paragraphs 1 through 30 are incorporated as if fully set forth here.

32. Admits.

33. Denies.

34. Avers that this allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, admits.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate customs

official and the assessment of duty thereunder and granting defendant such other and further

relief as may be just and appropriate.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

JOSEPH I. LIEBMAN
Attorney in Charge
International Trade Field Office

AMY M. RUBIN
Trial Attorney
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza
New York, New York  10278
Attorneys for Defendant
Tel. No. (212) 264-9230 or 9237

Dated:  June 5, 1996

## CERTIFICATE OF SERVICE BY MAIL

I, AMY M. RUBIN certify that I am a trial attorney in the office of the Assistant Attorney

General, Civil Division, Commercial Litigation Branch, International Trade Field Office, with

offices located at 26 Federal Plaza, New York, N.Y. 10278, and that on June 5, 1996, on

behalf of the United States, defendant herein, I caused the annexed papers to be served upon

> Sidney H. Kuflik
> Lamb & Lerch
> 233 Broadway
> New York, New York 10279

the attorney(s) for the plaintiff herein, by depositing a true copy thereof in a United States

mail receptacle, properly enclosed in a securely closed envelope, duly franked or postage

prepaid, addressed to said attorney(s) as above indicated.

